# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| DEAN A. HINRICHS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:15-CV-00820-DGK |
| ) | |
| ROBERTS TRADING COMPANY, L.P., ) | |
| BRUCE ROBERTS, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER REGARDING APPROVAL OF WRONGFUL DEATH SETTLEMENT

This case arises out of the death of Dale A. Hinrichs ("Decedent"), who fell from a twenty-foot rock wall near 8th Street and Grand Boulevard in Kansas City, Missouri, and suffered a severe head trauma. Defendants own the property on which the wall is located. Plaintiff is Decedent's surviving twin brother who seeks to settle the wrongful death claim and who has reached an agreement with another sibling, Norman Hinrichs, to divide the settlement between them.

Now before the Court is Plaintiff's Amended Petition for Approval of Wrongful Death Settlement (Doc. 40). After carefully reviewing the Amended Joint Petition, the Court directs Plaintiff to provide additional information.

Under Missouri law, a wrongful death settlement requires court approval. *See* Mo. Rev. Stat. § 537.095.1. To obtain approval, a plaintiff must demonstrate that: (1) he or she diligently attempted to notify all spouses, children, and parents of the decedent, and if none of those relatives survive, then the siblings of the decedent, *id.*; *id.* § 537.080.1; (2) the amount of settlement is fair and reasonable, *see id.* § 537.095.3; and (3) the attorneys' fees are paid in

accordance with the Missouri Rules of Professional Conduct, *see id.* § 537.095.4(2); *see, e.g.*, *Eng v. Cummings, McClorey, Davis & Acho, PLC*, 611 F.3d 428, 435 (8th Cir. 2010).

In the present case, the existing record is underdeveloped and confusing concerning Decedent's surviving family members. There are two problems. First, there is no evidence in the record stating Decedent had no spouse, children, or surviving lineal descendants of any deceased children. The only evidence are affidavits submitted by Plaintiff and Norman Hinrichs (Docs. 40-3, 40-4) which state that Decedent's parents and an older sister, Alice Louise Hinrichs, preceded him in death, but are silent as to whether the Decedent had a spouse, children, or any surviving lineal descendants.[1] Second, the "Recitals" portion of the Settlement Agreement (Doc. 40-1) states that Decedent had two living siblings at the time of his death but "no deceased siblings." Obviously, this contradicts the affidavits' assertions that Decedent did have a deceased sibling, namely Alice Louise Hinrichs.

Accordingly, the Court directs Plaintiff to clarify with evidence whether: (1) at the time of his death, the Decedent had a living spouse, children, other surviving lineal descendants, or a living parent; (2) how Plaintiff is certain this information is correct; and (3) whether the Recital's assertion that he had "no deceased siblings" is incorrect.

**IT IS SO ORDERED.**

Dated: July 13, 2016         /s/ Greg Kays
                             GREG KAYS, CHIEF JUDGE
                             UNITED STATES DISTRICT COURT

---

[1] Granted, the Petition and Settlement Agreement claim that at the time of his death Decedent did not have a living parent, spouse, children, or any surviving lineal descendants, but these filings are not evidence.