# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| DEAN A. HINRICHS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ROBERTS TRADING COMPANY, L.P., )<br>BRUCE ROBERTS, et al., )<br>)<br>Defendants. ) | Case No. 4:15-CV-00820-DGK |

## ORDER REGARDING APPROVAL OF WRONGFUL DEATH SETTLEMENT

This case arises out of the death of Dale A. Hinrichs ("Decedent"), who fell from a twenty-foot rock wall near 8th Street and Grand Boulevard in Kansas City, Missouri, and suffered a severe head trauma. Defendants own the property on which the wall is located. Plaintiff is Decedent's surviving twin brother who seeks to settle the wrongful death claim and who has reached an agreement with the only surviving sibling, Norman Hinrichs, to divide the settlement between them.

Now before the Court are Plaintiff's Amended Petition for Approval of Wrongful Death Settlement (Doc. 40) and Plaintiff's Supplement to Petition (Doc. 42) filed after the Court directed him to provide additional information. After reviewing the additional filing, the Court grants the Amended Petition.

Under Missouri law, a wrongful death settlement requires court approval. *See* Mo. Rev. Stat. § 537.095.1. To obtain approval, a plaintiff must demonstrate that: (1) he or she diligently attempted to notify all spouses, children, and parents of the decedent, and if none of those relatives survive, then the siblings of the decedent, *id.*; *id.* § 537.080.1; (2) the amount of settlement is fair and reasonable, *see id.* § 537.095.3; and (3) the attorneys' fees are paid in

accordance with the Missouri Rules of Professional Conduct, *see id.* § 537.095.4(2); *see, e.g.*, *Eng v. Cummings, McClorey, Davis & Acho, PLC*, 611 F.3d 428, 435 (8th Cir. 2010).

The Court holds Plaintiff has demonstrated that the settlement complies with the law's requirements. First, Plaintiff has satisfied the notice requirements. Plaintiff and his brother are the only individuals entitled to recover because they are the only known spouses, children, parents, or siblings of the decedents, and they have been given notice.

Second, the Court finds the gross settlement amount of $50,000.00 to be fair and reasonable compensation for this wrongful death claim. Further, the fifty-fifty split between the brothers of the approximately $30,000 in net proceeds is fair and reasonable.

Third, the settlement agreement provides for a reasonable amount of attorneys' fees and litigation expenses. *See* Mo. R. Prof. Conduct 4-1.5(a). Although a contingency fee of forty percent is arguably high for a case settled so quickly[1] and for a modest amount, just from reading the complaint it appears this case may have been so risky and the value of the claim so modest that the attorneys may not have been to afford to undertake the representation for less than forty percent. Further, the litigation expenses of approximately $2,000 appear reasonable.

Consequently, the Court approves the settlement.

## Conclusion

For the above reasons, Plaintiff's Amended Petition for Approval of Wrongful Death Settlement (Doc. 40) is GRANTED. The Court approves the settlement agreement (Doc. 40-2). The parties must execute the settlement agreement's terms, and apportion and distribute the settlement proceeds as described therein. **Once the parties have done so, they shall file a stipulation of dismissal with prejudice.**

---

[1] The case was filed on September 14, 2015, and the settlement papers signed on July 1, 2016. Although there was almost no motion work performed in the case and the record reflects no discovery was taken, the Court is satisfied that informal discovery occurred.

2

**IT IS SO ORDERED.**

Dated: August 1, 2016  /s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT